MATTER OF SINHA

In VISA PETITION Proceedings

A-10141925

*Decided by Regional Commissioner August 11, 1964*

Petition to accord nonquota status as a minister of a religious denomination, pursuant to section 101(a)(27)(F), Immigration and Nationality Act, is denied since the evidence fails to establish that petitioner, The Vedic Society of America, Inc., is a *bona fide* religious denomination or that beneficiary will be engaged solely in carrying on the vocation of minister of a religious denomination because he will not be paid a salary for his services as a minister and will be obligated to seek full-time employment in another capacity in order to maintain himself and his family.

This matter is before the Regional Commissioner on appeal from the denial of the visa petition to classify the beneficiary as a nonquota minister on the grounds it has not been established that the petitioning organization is a *bona fide* religious denomination or that the beneficiary has been and seeks to remain in the United States solely for the purpose of carrying on the vocation of minister.

The beneficiary is a married citizen of India, born June 11, 1929 at Pachahi, Bihar, India. He was admitted to the United States on September 7, 1952 as a nonquota immigrant under section 4(e) of the Immigration Act of 1924. He subsequently received Bachelor of Science and Master of Arts degrees from the American University where he majored in International Relations, a Master of Arts degree from Howard University and a Doctor of Philosophy degree in Public Law and Government from Columbia University. While studying in the United States, the alien has been employed part time as an instructor in the Hindi Language and Literature and as a teacher in International Relations. He is married to a Swedish citizen temporarily in the United States and they have two children, both born in New York City.

The petition which has been submitted in the beneficiary's behalf reflects that the organization is devoted to the promotion of the gospels of the Vedas, ancient religious scriptures of India. The society was

founded in 1958 by the alien who has been serving as its minister. It was incorporated September 9, 1960 under the laws of the state of New York as a nonprofit, non-denominational religious church and organization. The petition states that the beneficiary, as minister, will conduct religious services, lecture in the United States on the doctrines of the Vedas and perform such rites as marriages and christenings.

Inquiries conducted by this Service have disclosed that the beneficiary's primary function is to teach religion and philosophy in order to enable the members of the group to realize their full spiritual and philosophical potential. The society's present membership numbers less than twenty individuals. The organization imposes no restrictions on its members belonging to any other religious denomination or attending other churches. Meetings are held Friday evenings at the Mount Vernon office of a physician who is Spiritual Director of the society and Sunday evenings at the alien's home in New York City.

It was further ascertained that the petitioner owns a spiritual retreat in Deerpark, Orange County, New York which was purchased in 1961 for $5,200. Its only income is the $10 annual dues received from each member. No arrangements have been made for payment of a salary to the beneficiary. During 1963, he received approximately $800 in love offerings from the membership and from lectures in connection with the society. His total earnings for the year 1963 amounted to $6,300, his principal earnings being his salary as professor at Drew University.

The issues which are before us are (1) whether the petitioning organization is a religious denomination within the contemplation of section 101(a)(27)(F)(i) of the Immigration and Nationality Act and (2) whether the beneficiary is a minister of a religious denomination within the meaning of the statute. Section 101(a)(27) provides in part as follows:

The term 'nonquota immigrant' means—

*    *    *    *    *    *

(F)(i) An immigrant who continuously for at least two years immediately preceding the time of his application for admission to the United States has been, and who seeks to enter the United States solely for the purpose of carrying on the vocation of minister of a religious denomination, and whose services are needed by such religious denomination having a bona fide organization in the United States; . . .

In *Matter of N—*, 5 I. & N. Dec. 173, there are set forth certain guidelines which should be considered in arriving at a determination as to whether the instant petitioner is a bona fide religious denomination within the contemplation of section 101(a)(27)(F)(i). In declining favorably in the cited case it was found that the petitioner therein has been incorporated under the laws of many of the States in this country:

is a worldwide religious organization having a distinct legal existence; has a recognized creed and form of worship; has a definite and distinct ecclesiastical government; has a formal code of doctrine and discipline; has a distinct religious history; has a membership, not associated with any other church or denomination; has officers ministering to their congregation, ordained by a system of its own; has established places of religious worship; has religious congregations and religious services; operates a Sunday school for the religious instruction of the young, and schools for the preparation of its ministers, who in addition to conducting religious services, perform marriage ceremonies, bury the dead, christen children, and advise and instruct the members of their congregations.

We find that the present petitioner differs in several essential respects from the organization described in *Matter of N—, supra.* Its members may be associated with other religious denominations, there are no prescribed standards for the selection, training and ordination of its ministers, and the society does not have a distinct form of worship. In further considering this matter, we note that the beneficiary's ministerial functions have been and will continue to be very limited in scope. Inasmuch as the petitioning organization is financially unable to pay him a salary for his services as minister, he will be obliged to seek full-time employment in another capacity in order to maintain himself and his family.

After careful evaluation of the entire record in this case, we find that the petitioner has failed to establish that it is a religious deonomination within the meaning of section 101(a)(27)(F)(i) of the Act and has failed to establish that the beneficiary will be engaged solely in carrying on the vocation of minister of a religious denomination as required by the statute. Accordingly, the appeal will be dismissed.

*It is ordered* that the appeal be and same is hereby dismissed.